Monique D. Jewett-Brewster (State Bar No. 217792)
mjb@hopkinscarley.com
Dinah X. Ortiz (State Bar No. 273556)
dortiz@hopkinscarley.com
Mark V. Boennighausen (State Bar No. 142147)
mboennighausen@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (408) 286-9800
Facsimile:     (408) 998-4790

Attorneys for
Jerome Behar, as Trustee on Behalf of The Behar Living Trust

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ELIZABETH STAUBER,<br><br>Debtor.<br><br>_____<br><br>JEROME BEHAR, as trustee on behalf of The Behar Living Trust,<br><br>Plaintiff,<br><br>vs.<br><br>ELIZABETH STAUBER,<br><br>Defendant. | CASE NO.  2:22-BK-14051-VZ<br><br>CHAPTER NO.  13<br><br>ADV. PROC. NO. 2:22-AP-01197-VZ<br><br>**MOTION TO SUBSTITUTE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:            November 13, 2023<br>Time:           11:30 a.m.<br>Courtroom: 1368<br>Judge:          The Honorable Vincent Zurzolo |

Dr. Leslie Fried Behar ("Dr. Behar") hereby moves for an order substituting herself in place of her deceased spouse Jerome Behar as a creditor in the Main Case, Case No. 2:22-BK-14501-VZ, and in the Adversary Proceeding, Case No. 2:22-AP-01197-VZ, pursuant to Rule 25 of the Federal Rules of Civil Procedure, as made applicable in this proceeding by Rule 7025 of the Feeral Rules of Bankruptcy Procedure, and applicable case law.

This Motion is based on the Memorandum of Points and Authorities, the Declaration of Dr. Behar, the Declaration of Dinah Ximena Ortiz, and the attached exhibits filed concurrently herewith.

**Memorandum of Points and Authorities**

I.   **INTRODUCTION**

Jerome Behar, as trustee of the Behar Living Trust, liquidated his claim against Debtor Elizabeth Stauber ("Debtor or " Ms. Stauber") after this Court granted relief from the automatic stay triggered by Ms. Stauber's bankruptcy filing. The state court found that Debtor and her economic partner in the scheme non-debtor, Ronald Stauber, had defrauded Mr. Behar.

Mr. Behar was a Creditor in the main case (Case No. 22-BK-14051-VZ, hereinafter the "Main Case") and the Plaintiff in the adversary proceeding (2:22-AP-01197-VZ, hereinafter the "Adversary Proceeding"). Sadly, Mr. Behar died on July 15, 2023. His successor-in-interest and widow Dr. Leslie Fried Behar previously informed the Court of Ms. Behar's passing on August 15, 2023 through her Statement of Fact of Death (Dkt. 117).

Through this motion, Dr. Behar seeks an order recognizing her replacement of Mr. Behar, as trustee of the Behar Living Trust and thus as the Creditor in the main case and the Plaintiff in the adversary proceeding. Debtor has refused to stipulate to this substitution, a decision which is further evidence of her bad faith in litigating her bankruptcy, as she is improperly forcing a creditor to expend legal fees when it is absolutely unnecessary for her to do so. This substitution is routine, particularly given that all of the claims brought by Mr. Behar were brought in his capacity as trustee of the Behar Living Trust. The law makes clear that the claims remain with the Behar Living Trust and that the successor trustee is the correct person to take over prosecution of those claims. There is no question that Dr. Behar should be substituted in, and this Court

should grant the request.

## II. FACTUAL BACKGROUND

### A. Underlying Litigation

Mr. Behar, in his capacity as trustee of the Behar Living Trust, sued Elizabeth Stauber, her longtime romantic and economic partner Mr. Stauber, and her mother Amy Saret in Santa Clara County Superior Court in October 2019. (Declaration of Dinah Ximena Ortiz ("Ortiz Decl.") ¶ 3 & Ex. 1.) Following a motion to transfer from the Staubers, the case was subsequently transferred to Los Angeles County Superior Court in January 2020 and assigned Case No. 20-cv-09400 ("State Court Action"). (*Id.* ¶ 4.) After repeated changes of attorneys and repeated efforts to have the trial delayed on the part of Debtor and Mr. Stauber, Mr. Behar prosecuted the case against Ms. Stauber and Mr. Stauber through a court trial, which commenced on May 11, 2022. (*Id.* ¶¶ 5-6.) Mr. Behar prosecuted five claims at trial, including fraud and fraudulent transfer. (*Id.* ¶ 5.)

On the morning of July 27, 2022, which was expected to be the last day of trial, Ms. Stauber filed her bankruptcy petition in this Court. (Main Case Dkt. 1.) Recognizing this as another delay and further effort to deny Mr. Behar's ability to liquidate and prove his claims against the debtor in the ongoing State Action while increasing his legal expenses through this collateral bankruptcy litigation, Mr. Behar immediately sought and obtained relief from stay. (Main Case Dkt. 33.) The trial resumed on October 7, 2022 and, after testimony was yet again delayed by a purported medical emergency, ended on October 11, 2022. (Ortiz Decl. ¶ 8.) Shortly thereafter, Mr. Behar initiated his adversary case against Ms. Stauber, seeking a finding of nondischargeability of a debt as a result of fraud, especially in light of the fraud claim being litigated in the State Action. (Adversary Proceeding Dkt. 1.)

As the Court is aware, the Debtor then engaged new counsel, who incurred hundreds of thousand dollars of additional legal fees to litigate a debt she acknowledged in the state court action was owed to Mr. Behar. (Main Case Dkt. 83.) The Los Angeles Superior Court entered a final judgment in Mr. Behar's favor in the State Court Action on February 15, 2023. (Ortiz Decl. ¶ 9 & Ex. 2.) The Judgment incorporated a fraud finding against the Debtor. (*Id.*) The Judgment

was affirmed by the trial court after it denied post-judgment motions brought by the Debtors latest State Court attorneys, who testified at a debtor's examination that Ronald Stauber paid their fees via cashiers' checks. (*Id.* ¶ 10.) These attorneys have run up substantial additional fees now owed by the Debtor and Mr. Stauber, including litigating a meritless objection to the presence of a court reporter at Mr. Stauber's debtor's exam. (*Id.* ¶¶ 11-12.)

Meanwhile, not content to waste Mr. Behar's time and money by forcing him to prosecute his claims through countless efforts to delay, and in spite of the fact that Mr. Behar was a stage IV cancer patient and her awareness of the fact that Mr. Behar's cancer had progressed, Debtor also engaged in an extensive campaign to harass Mr. Behar by phone. (*Id.* ¶ 13.) The Santa Clara County District Attorney filed charges against Debtor as a result of her harassment campaign on June 8, 2023. (Ortiz Decl. Ex. 3.)

### B.    Mr. Behar's Subsequent Death

Mr. Behar died on July 15, 2023. His death certificate is attached to the Declaration of Dr. Leslie Behar as Exhibit A. At the time of his death, Mr. Behar was actively prosecuting his objection to the homestead exemption and his objection to plan confirmation in the Main Case as well as pursuing a finding of nondischargeability in the Adversary Proceeding based on the fraud finding the State Action.

### C.    Dr. Behar Is Successor Trustee of the Behar Living Trust

In the paragraph entitled "SUCCESSOR TRUSTEE AND SPECIAL TRUSTEE," The Behar Living Trust document states as follows: "if either Jerome M. Behar or Leslie Fried Behar becomes unable or unwilling to continue to act as Trustee, then the other shall act as sole Trustee." (Behar Decl. Ex. B § XV.F.) The same paragraph clarifies that "[a] Trustee … shall be deemed 'unable or unwilling' to act or to continue to act upon the first to occur of the following events: (1) the death of the Trustee." (*Id.*)

In view of Mr. Behar's death, Dr. Leslie Fried Behar is now the sole trustee of the Behar Living Trust. She intends to take Mr. Behar's place and continue litigating the objection to the homestead exemption and his objection to plan confirmation in the Main Case as well as litigating a finding of nondischargeability in the Adversary Proceeding. (Behar Decl. ¶ 4.)

**D.     Debtor Refused to Stipulate to the Substitution**

Counsel for Dr. Behar requested that Debtor stipulate to the substitution. Debtor's counsel declined. (Ortiz Decl. ¶ 4.) Counsel did not ask for any additional information, even what the text of the trust document said regarding successor trustees or otherwise even try to assess whether there was a solid basis for the motion. (*Id.*) They simply denied. (*Id.*)

**III.    ARGUMENT**

**A.     Legal Standard**

The substitution of a successor or representative to replace a deceased party is governed by Rule 25(a) of the Federal Rules of Civil Procedure, which is made applicable in bankruptcy proceedings by Rule 7025. Rule 25(a) provides, in relevant part, as follows: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a); *see also Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985) ("Rule 25(a)(1) governs substitution of the proper successor or representative of a deceased party[.]").

"In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party." *Chalfant v. United of Omaha Life Ins. Co.*, No. 15-CV-03577-HSG, 2016 WL 4539453, at *1 (N.D. Cal. Aug. 31, 2016) (quoting *Veliz v. Cintas Corp.*, No. C 03-1180 RS, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008)). If the motion is granted, the substituted party then steps into the same position as the original party. *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

All three of these requirements are met. As discussed below, the motion is undoubtedly timely, the claims are not extinguished, and as the successor trustee of the Behar Living Trust, Dr. Behar is the correct party.

**B.     The Motion to Substitute is Timely.**

Rule 25(a)(1) states in relevant part: "Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of death as provided herein for the service of the motion, the action shall be dismissed as to the

deceased party."  As the Ninth Circuit has explained, two affirmative steps trigger the running of the ninety day period after which the motion must be dismissed: (1) "a party must formally suggest the death of the party upon the record"; and (2) "the suggesting party must serve other parties ... with a suggestion of death in the same manner as required for service of the motion to substitute."  *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).

Less than 90 days have passed since Dr. Behar formally suggested the death of Mr. Behar on the record through her Statement of Fact of Death, which was filed on August 15, 2023.  (Dkt. 117.)  Indeed, less than 90 days have passed since Mr. Behar's death on July 15, 2023.  "The ninety day period provided by Rule 25 has, therefore, indisputably not expired." *Kaplan v. County of Kern*, Case No. 1:14-cv-00206-DAD-JLT, 2016 WL 3196740, at *1 (E.D. Cal. June 8, 2016) (finding that a motion to substitute was timely when the motion to substitute was brought within 90 days of the party's death).

### C.    The Behar Living Trust's Claims Survive Mr. Behar's Death.

"Rule 25(a)(1) provides that if 'a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.' Therefore, before a party can substitute a new party pursuant to Rule 25(a)(1), the Court must establish that the substantive law controlling the suit permits survival of the cause of action." *Walton v. Channel Star Excursions, Inc.*, No. 2:05-CV-1737 MCE PAN, 2007 WL 763299, at *1 (E.D. Cal. Mar. 9, 2007) (quoting Fed. R. Civ. P. 25(a)(1)). "Whether an action survives depends on the substance of the cause of the action, not on the forms of proceeding to enforce it." *Gerling v. Baltimore & O.R. Co.*, 151 U.S. 673, 692 (1894) (internal quotations omitted). "Survivability of state law claims is governed by state law." *Lopez v. Regents of Univ. of California*, 5 F. Supp. 3d 1106, 1120 n. 7 (N.D. Cal. 2013).

Under federal law, whether a claim survives or is "extinguished" upon the death of a party is determined by "the nature of the cause of action for which the suit is brought." *Ex parte Schreiber*, 110 U.S. 76, 80, 3 S.Ct. 423, 28 L.Ed. 65 (1884). Unless a statute directly addresses the issue, courts are generally guided by principles of federal common law, which prescribe that claims characterized as "penal" abate upon a party's death, while claims characterized as "remedial" survive. *See Ex parte Schreiber*, 110 U.S. at 80, 3 S.Ct. 423; *United States ex rel*

*Colucci v. Beth Israel Med. Ctr.*, 603 F.Supp.2d 677, 680-81 (S.D.N.Y. 2009) (finding that *qui tam* actions under the FCA survive the death of the relator in part because "damages for FCA claims, while both punitive and remedial in nature, serve a primarily remedial purpose"). There is no question that all of the claims brought in the Main Case and in the Adversary Proceeding are remedial in nature. Mr. Behar simply sought to recover the amount of money he was owed and the attorneys' fees he incurred in recovering the money he loaned, and through his actions in this bankruptcy proceeding he sought to ensure that he would be repaid in full. There is nothing punitive about that action.

To the extent there is any argument that California law is applicable as a result of the underlying fraud claims in the adversary proceeding, California law makes clear that the underlying claims survive. Under California law, "[a] pending action ... does not abate by the death of a party if the cause of action survives," Cal. Civ. Proc. Code § 377.21, and "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death," *id*. § 377.20. And where the decedent was the plaintiff, "the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages." Cal. Civ. Proc. Code § 377.34(a). Here, there is no statute that indicates that any of the causes of action end with Mr. Behar's death. Moreover, it would not be logical for there to be such a finding. In this case the Plaintiff was Mr. Behar as trustee of the Behar Living Trust, and the Behar Living Trust was not extinguished upon Mr. Behar's passing. Rather, it continues with Dr. Behar as the trustee.

### D.  Dr. Behar, as Successor Trustee of the Behar Living Trust, is the Proper Party for Substitution.

Rule 25 provides that "[a] motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Although the court looks to California law to determine "who is a proper party for purposes of substitution, ... how someone, already defined as a 'successor,' should proceed in order to continue a pending action ... is procedural, and is governed by federal law." *In re Baycol Prod. Litig.*, 616 F.3d at 788. A federal court's decision to permit a representative to be substituted as a plaintiff is a matter of judicial

1  discretion. *McKenna*, 32 F.3d at 836.

2  Under California law, "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code § 377.20(a). A survival action "may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30 (emphasis added).

6  A "'decedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11. "Where a cause of action is prosecuted on behalf of an express trust, the trustee is the real party in interest because the trustee has legal title to the cause." *Saks v. Damon Raike & Co.*, 8 Cal. Rptr. 2d 869, 874 (Cal. Ct. App. 1992); *see also* Cal. Civ. Proc. Code § 369. Additionally, the State Action is completed and there are no ongoing claims being litigated, except for Debtor's and Mr. Stauber's appeal of the claims adjudicated in the State Action. Thus, procedurally, in the State Action Mr. Behar is a Judgment Creditor who, by his death, is replaced by his successor in interest with regard to enforcing the judgment. (*See* California Code of Civil Procedure section 686.010)

16  Dr. Behar's declaration and the Behar Living Trust document confirm that Dr. Behar is the successor trustee of the Behar Living Trust, to which the action has succeeded. (*See* Behar Decl. Ex. B § XV.E.) As such, Dr. Behar is the correct party to substitute. *See Brown v. Gordon*, No. 21-CV-08098-LB, 2022 WL 2391002, at *2 (N.D. Cal. July 1, 2022) ("Ms. Nelson is the successor trustee of Dr. Brown's living trust. That makes her a proper party for substitution as Dr. Brown's 'successor in interest,' meaning that a probate court does not need to appoint her as Dr. Brown's representative before she substitutes for Dr. Brown.").

23  //
24  //
25  //
26  //
27  //
28  //

## IV. CONCLUSION

For all of the foregoing reasons, Dr. Behar respectfully requests that this Court grant the motion for substitution.

Dated: September 22, 2023

HOPKINS & CARLEY
A Law Corporation

By: */s/ Dinah X. Ortiz*
Dinah X. Ortiz
Attorneys for Jerome Behar, as Trustee on Behalf of The Behar Living Trust

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

MOTION TO SUBSTITUTE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT